## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80580-RYSKAMP/HOPKINS

UNITED STATES OF AMERICA,

     Plaintiff,

v.

VILLA DEL SOL CONDOMINIUM
ASSOCIATION, INC.,

     Defendant.

_____/

## DEFAULT JUDGMENT AS TO LIABILITY

THIS CAUSE having come before the Court on Plaintiff's Motion for Entry of Default

Judgment as to liability against Defendant, filed October 5, 2012 **[DE 12]**.  No response has been

filed.  Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and the Court having

considered the file, record, and default entered by the Clerk,

     **This Court Finds as Follows:**

On June 20, 2012, the Defendant ASSOCIATION was properly served with the instant

complaint and failed to answer or otherwise respond. On September 10, 2012, the Clerk of the

court entered a default against the ASSOCIATION. [D.E. 7].

The default concedes the truth of the allegations of the Complaint as to Defendant's

liability. *UMG Recordings, Inc. v. Roque*, 08-21259 CIV, 2008 WL 2844022 (S.D. Fla. July 23,

2008).  Since the Defendant is in default, the factual allegations in Plaintiffs' complaint are

deemed admitted. *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002) ("A defaulting

party is taken to have conceded the truth of the factual allegations in the complaint as

2

establishing the grounds for liability as to which damages will be calculated.") (internal quotation marks and citation omitted); *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiffs well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citation omitted); *Trans World Airlines, Inc. v. Hughes,* 449 F.2d 51 69 (2d Cir. 1971), *rev'd on other grounds,* 409 U.S. 363, 93 S. Ct. 647 (1973) ("a default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability"); 10 James W. Moore, *Moore's Federal Practice* § 55.12[1] (3d ed. 2002). HUD obtained title to the subject property as a direct result of Wells Fargo Bank, N.A.'s foreclosure of a first mortgage. On November 12, 2008, Wells Fargo Bank, N.A. filed its foreclosure action. On May 7, 2010 Certificate of Title was issued to Wells Fargo Bank, N.A., and on June 4, 2010, HUD accepted a deed from Wells Fargo Bank, N.A. and recorded same in the Official Records of Palm Beach County Florida in Book 23894 at Page 1814. HUD is afforded the safe harbor protection by Article 22.06 of the Declaration of Condominium and is therefore

    a.    not liable for any assessments which accrued against its property prior to when Wells Fargo Bank N.A. obtained title;

    b.    not liable for any interest or late fees which ASSOCIATION claims entitlement to for any assessments which accrued against HUD's property prior to when Wells Fargo Bank N.A. obtained title;

    c.    not liable for any late fees, service fees, legal fees or costs which ASSOCIATION claims entitlement to;

    d.      not liable for any non-litigation fees and costs incurred by ASSOCIATION.

**IT IS THEREFORE ORDERED AND ADJUDGED:**

    a.      Judgment as to liability is entered in favor of USA.

    b.      Jurisdiction is reserved to determine the actual amount HUD owes for maintenance;

    c.      Jurisdiction is reserved to determine the damages HUD has suffered as a result of ASSOCIATION'S improper demand and interference with HUD'S attempt to sell the subject property;

    d.      Jurisdiction is reserved to enter judgment awarding costs and legal fees pursuant to §718.303(1), Fla. Stat. (2011).  The Clerk of Court shall CLOSE this case and DENY any pending motions as MOOT.

        DONE AND ORDERED in the Southern District of Florida this 29th day of

October, 2012.

                    S/Kenneth L. Ryskamp
                    KENNETH L. RYSKAMP
                    UNITED STATES DISTRICT JUDGE